**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 1:13CR345** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **PIERRE A. CAMPBELL,** | ) | **OPINION AND ORDER** |
| | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J.:**

Before the Court is Defendant Pierre Campbell's Motion Requesting a Judicial

Recommendation in Sentence Concerning Coronavirus (COVID-19) Outbreak.  (Doc. 2019).

For the following reasons, the Court **DENIES** Defendant's Motion without prejudice.

## I. BACKGROUND

On September 11, 2013, a Grand Jury indicted Defendant on various charges stemming

from a nationwide conspiracy to distribute heroin, including one count of Conspiracy with Intent

to Distribute and to Distribute Heroin, a violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A)

("Count 1").

In May of 2015, Defendant pleaded guilty to Count 1 under a Plea Agreement.  In

exchange, the Government dismissed the remaining counts.  On October 1, 2015, the Court

sentenced Defendant to 222 months imprisonment and 4 years supervised release.  Defendant is

currently serving his imprisonment at McDowell Federal Correctional Institution.

On April 16, 2020, Defendant filed his Motion *pro se*.  (Doc. 2019).  Defendant argues that the presence of COVID-19 justifies his compassionate release.  The Government opposed Defendant's request on April 23, 2020.  (Doc. 2021).

## II. LAW & ANALYSIS

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c).  However, in certain circumstances, a defendant may ask the court to modify a sentence, otherwise known as "compassionate release."  *Id.* at § 3582(c)(1)(A).  Before doing so however, one of two things must occur: either defendant has exhausted all administrative rights to appeal the Bureau of Prison's failure to bring a motion on his behalf or defendant has waited thirty days since he asked the warden of the facility to file a request on his behalf.  *Id.*

In other words, prisoners must first exhaust their administrative remedies before seeking a district court's involvement.  *See United States v. Raia*, 954 F.3d 594 (3rd Cir. 2020); *United States v. Ciccone*, 2020 WL 1861653 (N.D. Ohio Apr. 14, 2020) (Polster, J.) (the amended § 3582(c)(1)(A) did not alter the requirement that prisoners must first exhaust administrative remedies before seeking judicial relief) (citations omitted).  Moreover, courts cannot create exceptions to the mandatory exhaustion requirement.  *Ross v. Blake*, 136 S.Ct. 1850, 1856-57 (2016) ("mandatory language means a court may not excuse a failure to exhaust, even to take such [special] circumstances into account"); *United States v. Alam*, 2020 WL 1703881 (E.D. Mich. Apr. 8, 2020) (collecting cases holding district courts cannot craft exceptions to exhaustion requirements in light of the COVID-19 pandemic).

Here, Defendant has not exhausted his administrative remedies before seeking the Court's involvement.  He claims, without adequate proof, that the Bureau of Prisons "is under-

- 2 -

utilizing various programs available, such as 18 U.S.C. [§] 3582(c)(1)(A)."  (Doc. 2019, PageID: 15718).  The Court interprets this to mean that Defendant has not attempt to request relief from the Bureau of Prisons.  Defendant does not cite any other allegations pertaining to exhaustion.

Section 3582(c)(1)(A) *expressly requires* a defendant to "exhaust[] all administrative rights."  18 U.S.C. 3582(c)(1)(A); *Raia*, 954 F.3d 594.  "Where Congress specifically mandates, exhaustion is required."  *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992).  Accordingly, Defendant must first attempt to exhaust his administrative remedies.  Since Defendant has not done so, the Court must deny his Motion.

The Court understands the general risks that COVID-19 presents to certain populations, including those in jails and prisons.  However, requiring that Defendant first exhaust his administrative remedies not only upholds Congressional intent, but also protects "administrative agency authority" and "promotes efficiency."  *Woodford v. Ngo*, 548 U.S. 81, 89 (2006).  The Bureau of Prisons is taking the COVID-19 outbreak seriously.  (Doc. 2021, PageID: 15750-52).  Allowing the BOP to exercise its authority and expertise in this instance is even more important. *See generally*, *Raia*, 954 F.3d 594.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion (Doc. 2019) is **DENIED WITHOUT PREJUDICE**.  The Court may consider the merits of Defendant's Motion after he properly exhausts his administrative remedies.

**IT IS SO ORDERED.**

       s/ Christopher A. Boyko
       **CHRISTOPHER A. BOYKO**
       **Senior United States District Judge**

**Dated: May 1, 2020**