## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | | |
|---|---|---|---|
| **PIERRE A. CAMPBELL,** | ) | **CASE NO.** | **1:13CR345** |
| | ) | | **1:20CV1223** |
| **Defendant-Petitioner,** | ) | | |
| | ) | **SENIOR JUDGE** | |
| vs. | ) | **CHRISTOPHER A. BOYKO** | |
| | ) | | |
| **UNITED STATES OF AMERICA,** | ) | **OPINION AND ORDER** | |
| | ) | | |
| **Plaintiff-Respondent.** | ) | | |

**CHRISTOPHER A. BOYKO, SR. J.:**

Before the Court are Defendant's Motion to Vacate under 28 U.S.C. § 2255 (Doc. 2038) and Motion for Judicial Notice (Doc. 2079). For the following reasons, the Court **DENIES** both Motions.

### I. BACKGROUND FACTS

On September 11, 2013, a Grand Jury indicted Defendant on various counts stemming from his participation in a narcotics conspiracy. (Doc. 35). In May of 2015, Defendant executed a Plea Agreement (Doc. 1394) and pleaded guilty to Count One of the Indictment, Conspiracy to Possess with Intent to Distribute and to Distribute one kilogram or more of Heroin. The Plea Agreement contained both an appellate and collateral attack waiver. (*Id.* at PageID: 10908-09).

On October 1, 2015, the Court found Defendant qualified as a career-offender under U.S.S.G. § 4B1.1 based on his prior convictions. The Court sentenced Defendant to 222 months imprisonment. The Sixth Circuit affirmed Defendant's sentence based largely on the appellate waiver contained in the Plea Agreement. (Doc. 1727).

On June 3, 2020, Defendant filed his Motion to Vacate alleging one Ground for Relief. (Doc. 2038).  The Government opposed (Doc. 2063) and Defendant filed a Reply (Doc. 2072). Thereafter, Defendant filed a Motion for Judicial Notice (Doc. 2079), which again the Government opposed (Doc. 2086).

## II. LAW & ANALYSIS

Section 2255 of Title 28, United States Code, provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

"In order to prevail upon a § 2255 motion, the movant must allege as a basis for relief: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003) (quoting *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001)).

Defendant's Ground for Relief stems from his career-offender designation under U.S.S.G. § 4B1.1 and the Sixth Circuit's *en banc* decision in *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019).  Specifically, Defendant relies on *Havis* in arguing that his prior drug convictions do not qualify as controlled drug offenses for career-offender purposes.  The Government opposes Defendant's request for three reasons: i) it is untimely; ii) it is waived; and iii) it is non-cognizable on collateral review.  The Court agrees with the Government.

First, Defendant's request is untimely. Section 2255(f) sets forth a one-year period of limitation. 28 U.S.C. § 2255(f). This period runs from the latest of either "the date on which the judgment of conviction [became] final;" or "the date on which the facts supporting the claim…presented could have been discovered through the exercise of due diligence." *Id.* at § 2255(f)(1) & (f)(4).[1] The Court agrees with the Government that Defendant had until January 29, 2018 to file his Petition. But Defendant never filed his Petition by then, instead opting to file more than two years later. Recognizing this, Defendant presumably relies on *Havis* as a 'new fact' to fall within the one-year limitation period. However, "section 2255(f)(4) is directed at the discovery of new facts, not newly-discovered law[.]" *Phillips v. United States*, 734 F.3d 573, 580 (6th Cir. 2013). Accordingly, Defendant cannot rely on *Havis* to overcome § 2255 one-year limitation period. Thus, Defendant's Petition is untimely.

Even if it were timely, Defendant waived his ability to present this claim on collateral attack. A defendant's informed and voluntary waiver of his right to pursue collateral relief in a plea agreement will preclude his ability to file a subsequent motion under § 2255. *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007); *Davila v. United States*, 258 F.3d 448, 450 (6th Cir. 2001). The Sixth Circuit has held that plea-agreement waivers of 2255 rights "are generally enforceable," so long as the defendant entered "into the waiver agreement knowingly, intelligently, and voluntarily." *Davila*, 258 F.3d at 450-51. Here, Defendant knowingly, intelligently and voluntarily waived his collateral attack remedies in his Plea Agreement. In denying his direct appeal, the Sixth Circuit already determined that Defendant's waiver of appellate rights was valid. (*See* Doc. 1727, PageID: 14588). Moreover, Defendant specifically initialed the page the collateral waiver was on, (Doc. 1394, PageID: 10908-09), and discussed

---

[1] There are other potential calculation dates contained in § 2255(f), but neither are applicable to Defendant's case.

the waiver with the Magistrate Judge during the Change of Plea Hearing, (Doc. 1365, PageID: 10598-99). Defendant's defense that this provision was *void ab initio* because it created certain conflicts with his attorney is wrong because the waiver provision specifically reserved Defendant's ability to assert claims of ineffective assistance of counsel. Accordingly, the Court finds Defendant's claim is barred by a valid waiver provision contained within his Plea Agreement.

Finally, even if the Court could reach the merits of the matter, Defendant's claim is non-cognizable. The Sixth Circuit has previously considered a similar issue that Defendant raises here — namely, collateral relief in light of *Havis*. *See Bullard v. United States*, 937 F.3d 654 (6th Cir. 2019). The defendant in *Bullard* raised the same ground as Defendant does here — that, due to *Havis*, the trial court misclassified him as a career-offender. *Id.* at 657. The *Bullard* court rejected this claim. *Id.* In doing so, the Sixth Circuit relied on precedent and the advisory nature of the Guidelines to determine that "a misapplication-of-an-advisory-guideline-range claim is not cognizable under § 2255." *Id.* at 660 (quoting *Snider v. United States*, 908 F.3d 183, 191 (6th Cir. 2018)). This is because most misapplications do not affect the lawfulness of the sentence. *Id.* For example, Defendant here faced a statutory maximum of 40 years imprisonment. (*See* Plea Agreement, Doc. 1394, PageID: 10904). The Court sentenced him to 222 months, well below the statutory maximum. Thus, the sentence remains lawful.

In sum then, Defendant cannot rely on *Havis* to collaterally attack his designation as a career-offender under the Guidelines. *Bullard*, 937 F.3d at 657 ("Bullard cannot challenge his classification as a career offender under the Guidelines — and *Havis* provides no relief on collateral review"). This decision accords with various other district courts that have reached the same outcome. *See United States v. Monroe*, 2020 WL 589044, at *4 (N.D. Ohio Feb. 5, 2020)

("a challenge to a career offender classification pursuant to *Havis* is not [a] cognizable claim on collateral review"); *Gamble v. United States*, 2020 WL 475832 (W.D. Tenn. Jan. 29, 2020). Accordingly, Defendant's sole Ground for Relief is without merit.

Last point — Defendant moved for Judicial Notice under Rule 201, arguing *Havis* and other caselaw supports his decision. While the Court will take notice of those decision, the Court also notes that the decisions do not help Defendant's case. Each of those cases involve direct review of the defendant's sentence. That is procedurally different than Defendant's case. Rather, *Bullard* is controlling and thus forecloses Defendant's request.

### III. CONCLUSION

The procedural rules and substantive scope, as well as Defendant's Plea Agreement, present high hurdles for Defendant on collateral attack. Because he has not surmounted those hurdles, his attack fails and the Court denies Defendant's Motion to Vacate (Doc. 2038) and his Motion for Judicial Notice (Doc. 2079).

**IT IS SO ORDERED.**

        s/ Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**Senior United States District Judge**

**Dated: October 6, 2021**